[Civ. No. 6083. First Appellate District, Division Two.—October 26, 1928.]

ERIC LYDERS, Appellant, v. EARL P. WILSEY et al., Respondents.

M. R. Jones, Henshaw, Black & Lyders and J. J. Bullock for Appellant.

J. W. Coleberd, John D. Willard, Gilbert D. Ferrell and Daniel A. Ryan for Respondents.

NOURSE, J.—This is a special proceeding arising out of a contest between two applicants for the purchase of swamp or overflowed lands of the state and referred to the superior court of San Mateo County for trial and decision by the surveyor-general of the state under the provisions of section 3414 et seq. of the Political Code.

The plaintiff, who is last in time in filing his application, charges in his complaint that he was delayed in receiving a survey from the county surveyor of San Mateo County and charges, upon information and belief, that this delay was the result of a conspiracy on the part of the county surveyor and defendant Wilsey, who is the other applicant for the right to purchase the lands in controversy. For the purpose of raising this issue the complaint alleges that the defendant Kneese, who at all times was the county surveyor of San Mateo County, had employed Wilsey as a deputy county surveyor in his office, and that the county surveyor, having learned through the plaintiff that the lands in controversy were open to purchase from the state, conveyed this information to his co-defendant and that he and his co-defendant then conspired to so delay action upon plaintiff's application for a survey as to permit the defendant Wilsey to procure a survey of the same lands and file his application with the state surveyor-general for leave to purchase prior to the time when the plaintiff made similar application.

The material facts of the case are all undisputed and fully sustain the findings of the trial court adverse to the plaintiff. The uncontradicted evidence discloses that on March 20, 1924, the defendant Wilsey, assuming that under the law his application should be made directly to the state, wrote to the registrar of the state land office at Sacramento for information leading to the purchase of the lands in controversy. This letter was delivered to the registrar of the federal land office in Sacramento and by him forwarded to the federal land office in San Francisco and by that office returned to the state surveyor-general in Sacramento, in which office it was received on March 25, 1924. On March 22d of the same year the defendant Wilsey filed with the county surveyor of San Mateo County a written application for a survey of the land in question. On March

24th the surveyor with an assistant made a preliminary survey of the land and instructed his assistant to proceed with the work. On March 26th the plaintiff made an oral application to the county surveyor for a survey of the same land. He was notified that an application of this character should be in writing and he filed with the county surveyor a written application for that purpose on March 28th. Prior to this, however, the defendant Wilsey personally appeared in the office of the surveyor-general at Sacramento to apply for leave to purchase the land and was informed by the surveyor-general that such an application could not be accepted until accompanied by a survey certified by the county surveyor. Such a survey was delivered to Wilsey on April 17, 1924, and on the same day he filed with the surveyor-general his application to purchase, accompanied by the certified survey of the county surveyor. In response to plaintiff's request the county surveyor delivered to him a survey of the land on April 23, 1924, and on May 5th plaintiff filed with the surveyor-general his application to purchase the land, accompanied by the certified survey and his protest against the granting of the application of defendant Wilsey. The surveyor-general then referred the whole matter to the superior court as herein stated.

The trial court found all these facts to be true and also found that it was not true that the defendant Wilsey was a deputy county surveyor, either *de jure* or *de facto,* but that he had been employed by the county surveyor to assist him in his private practice. It was also found that it was not true that the defendants entered into any conspiracy to defraud the plaintiff or that any false representations were made to the plaintiff regarding the survey or that the application of the defendant Wilsey was made for the benefit of his co-defendant Kneese, and that the latter has not at any time been interested in the application of Wilsey to purchase the land or any portion thereof, and has not at any time had any interest in the land sought to be purchased. Upon these findings the trial court drew the conclusions of law that the defendant Wilsey was entitled to purchase the land; that he made application to the county surveyor for a survey before the plaintiff applied to the county surveyor for the same purpose, and that he duly filed his application with the state surveyor-general to

purchase the land before plaintiff filed his application with the same official. Judgment followed in favor of the defendants, and from this the plaintiff has appealed on a typewritten transcript.

On this appeal the appellant rests upon two grounds, neither of which is based upon the claim that the evidence in the record does not support the findings of the trial court, but both of which are based solely upon the bare statement of ·the appellant that the facts as he conceives them to be, and the inferences which he draws, support his theory of the case. The first ground is that the two respondents conspired to defraud him out of his right to purchase the land and that we should find this to be true by disregarding all the sworn testimony upon which the trial court found the facts and by taking in lieu of that evidence the suspicions which the appellant entertains regarding the conduct of the respondents. Though it should be sufficient to say that this court will not set its judgment above that of the trial court upon the simple question of the facts in issue where the finding of fact depends upon the truth of the testimony of the witnesses appearing before the trial court, there is another answer to the argument of appellant and it is this: his only claim of a conspiracy rests in the suspicions and in the inferences which he insists must be drawn adverse to the positive evidence in the record. But an inference is a deduction to be drawn from the facts proved and not a conclusion based upon suspicion alone.

To the point that because Wilsey was employed in and about the office of his co-respondent we must presume that they conspired to defraud appellant, the answer is that the presumption is always against fraud. This presumption approximates in strength that of innocence of crime. (*Truett* v. *Onderdonk,* 120 Cal. 581, 588 [53 Pac. 26] ; *Everett* v. *Standard Acc. Ins. Co.,* 45 Cal. App. 332, 338 [187 Pac. 996].)

The second ground urged by the appellant is that the respondent Wilsey had been continuously acting as deputy county surveyor in the office of defendant Kneese and was, therefore, as a matter of public policy, disqualified from purchasing the land from the state. Here again the appellant does not contend that the evidence does not support the finding of the trial court adverse to him, and does

not complain of any error in the admission of testimony or in the rulings of the court at any period of the trial. His contention is, like that on the first point raised, that he believes in his own theory and that we should act upon that belief. The evidence is plain and undisputed that the respondent Wilsey was never at any time alleged in the complaint appointed or designated as a deputy county surveyor; did not occupy that position either *de jure* or *de facto;* was never known or recognized as deputy by the county surveyor or by the county of San Mateo or by any of those dealing in an official capacity with the office of the county surveyor. The law regarding the appointment of deputies of county officers is found in section 4024, of the Political Code. It is plain and unmistakable and requires no interpretation. It provides that certain county officers may appoint such deputies as may be necessary, but that such appointment must be in writing and filed in the office of the county clerk and until such deputy shall have taken the oath of officer "no one shall be or act as such deputy."

Though the briefs argue to some length as to whether the law in force at the time these transactions occurred required the original application to purchase land from the state to be filed with the county surveyor or with the state surveyor-general, and whether the initiation of the right of the applicant comes from the filing of the application with the surveyor-general or with the filing of a request with the county surveyor to make a survey, and whether such request should be oral or in writing, we do not deem it necessary to discuss any of these questions because, as we have seen, the undisputed facts are, as found by the trial court, that the respondent Wilsey was prior in time in his filing in both offices.

Judgment affirmed.

Sturtevant, J., and Buck, P. J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 23, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 24, 1928.